UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:21-cv-10020-JEM

JAY CHOI, YOUNGHEE KIM, and
JINSUK HONG,

    Plaintiffs,

v.

ACE AMERICAN INSURANCE COMPANY,

    Defendant.
_____/

**OMNIBUS REPORT AND RECOMMENDATION[1] ON PLAINTIFFS'
MOTION TO REMAND AND DEFENDANT'S MOTION TO VACATE
AND/OR SET ASIDE CLERK'S DEFAULT JUDGEMENT**

**THIS CAUSE** came before the Court on Plaintiffs' Jay Choi, Younghee Kim, and Jinsuk Hong ("Plaintiffs") Motion to Remand ("Motion to Remand"). ECF No. [9]. Defendant Ace American Insurance Company ("Defendant") filed a Response in Opposition to Plaintiffs' Motion to Remand, ECF No. [11]. Plaintiffs did not file a reply in support of their Motion to Remand. In addition, Defendant filed a Motion to Vacate and/or Set Aside Clerk's Default Judgment ("Motion to Vacate"). ECF No. [7]. Plaintiffs filed a Response in Opposition to Defendant's Motion to Vacate, ECF No. [10], and Defendant filed a Reply, ECF No. [12]. The parties appeared for a hearing on the Motion to Remand and the Motion to Vacate on June 8, 2021. ECF No. [24]. After due consideration of the Motions, the arguments made during the hearing, the pertinent portions of the record, and being otherwise fully advised in the premises, the undersigned respectfully

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this matter to the undersigned to "take all necessary and proper action as required by the law." ECF No. [15].

**RECOMMENDS** that Plaintiffs' Motion to Remand, ECF No. [9], be **DENIED,** and Defendant's Motion to Vacate, ECF No. [7], be **GRANTED**.

## I. BACKGROUND

On December 3, 2020, Plaintiffs filed suit against Defendant in the Sixteenth Judicial Circuit in and for Monroe County, Florida, alleging one count for underinsured motorist benefits (Count I) and one count for bad faith (Count II). ECF No. [1-4]. On December 28, 2020, Plaintiffs served the Summons and Complaint upon Florida's Chief Financial Officer (the "CFO"). ECF No. [1-6]. The CFO sent a copy to Defendant on January 5, 2021. ECF No. [1-12] at 45. On January 19, 2021, upon Plaintiffs' motion, the Clerk of Court entered a Clerk's Default against Defendant "for failure to serve or file any papers as required by law." ECF Nos. [1-7], [1-8]. Thereafter, Plaintiffs filed Motion for Final Judgement of Default as to Liquidated Damages on January 27, 2021. ECF No. [8-8] at 1–2.

On February 1, 2021, Defendant's counsel entered its Notice of Appearance. ECF No. [1-10]. The following day, Defendant filed its Answer, Affirmative Defenses, and Demand for Jury Trial, ECF No. [1-11], and its Emergency Motion to Vacate and/or Set Aside Clerk's Default Judgement, ECF No. [1-12]. On February 3, 2021, Defendant filed its Notice of Removal to this Court. ECF No. [1]. Thereafter, on February 8, 2021, Defendant filed its Amended Answer and Affirmative Defenses. ECF No. [6].

In the Motion to Remand, Plaintiffs argue that Defendant waived its right to remove the case to this Court. ECF No. [9] at 5. Specifically, Plaintiffs contend that the Answer and Affirmative Defenses and Emergency Motion to Vacate filed in state court was a substantial defensive action, constituting an attempt to litigate on the merits. *Id.* at 6–9. Plaintiffs note that the Emergency Motion to Vacate was an intentional and willful tactic to seek substantial action

and avoid delay before the opportunity to remove expired, particularly in light of the alleged emergency nature to the motion. *Id.* at 6. Moreover, Plaintiffs assert that defense counsel's prior experience in removing related litigation to federal court[2] and its description of diversity jurisdiction in its Notice of Removal indicate it always intended to remove. *Id.* at 8. Finally, Plaintiffs argue that Defendant's meritorious affirmative defenses prove its willingness to litigate in state court. *Id.* at 9.

In response, Defendant argues that none of its state court filings show the intent to litigate on the merits, but instead, were attempts to maintain the status quo. *Id.* at 3–4. In particular, Defendant notes that an emergency motion is not a substantial action because (1) the request for an expedited hearing was the result of Plaintiffs' litigation tactics; (2) the emergency nature of a motion is irrelevant to the issue of waiver because it relates to the speed upon which the motion is heard, not the substance of the relief sought; (3) the hearing was never set; and (4) Plaintiffs failed to cite any legal authority for the proposition that the request for an emergency motion waives a defendant's right to remove. *Id.* at 5–6.

As to the Motion to Vacate, Defendant argues that the Clerk's Default, entered on January 19, 2021, was premature because its deadline to file a responsive pleading was January 25, 2021. ECF No. [7] ¶¶ 18–20. In the alternative, Defendant contends that there is good cause for this Court to vacate the Clerk's Default because (1) the delay in response was minimal, (2) the delay

---

[2] On March 10, 2020, Plaintiffs filed a separate complaint against The Hertz Corporation ("Hertz") in the Sixteenth Judicial Circuit in and for Monroe County, Florida, for the same counts of underinsured motorist benefits and bad faith and based on the same events as the instant suit. ECF No. [1-12] at 13. The Hertz Corporation is the parent company of Dollar Rent A Car, from whom Plaintiffs rented the vehicle in which they were injured, and from whom Plaintiffs purchased the corresponding insurance policy issued by Defendant. *Id.* at 34. Defendant's counsel in this case represented Hertz in that prior action, which was removed to the Key West Division of the Southern District of Florida (case number: 4:20-cv-10042-KMM). *Id.* at 29.

3

was not intentional nor willful, (3) Plaintiffs failed to show they would suffer prejudice, and (4) Defendant has meritorious defenses. *Id.* ¶¶ 23–28.

In response to the Motion to Vacate, Plaintiffs restate the arguments made in their Motion to Remand. ECF No. [10] at 2. Plaintiffs argue that the Motion to Vacate should be denied because Defendant waived its right to remove, ECF No. [10] at 2, and for this reason, this Court does not have jurisdiction to rule on the Motion to Vacate. *Id.* Additionally, Plaintiffs argue that Defendant failed to show good cause by (1) failing to file its answer by January 25, 2021, and (2) filing an Emergency Motion to Vacate while knowing that it intended to remove to this Court. *Id.* at 4–5.

In its Reply, Defendant asserts that its filing of the Emergency Motion to Vacate in state court did not waive its right to remove. ECF No. [12] at 2. Defendant notes that when removal is proper, a federal court may set aside a default entered in state court before the action was removed. *Id.* Specifically, Defendant emphasizes that the Clerk's Default was premature and void because it was entered before the expiration of the time to file a responsive pleading. *Id.* at 3–4. Moreover, there was no substantial delay because Defendant contacted opposing counsel after learning of the Clerk's Default, did not receive a response, and filed the Motion to Vacate within eight days of January 25, 2021, the date a responsive pleading was actually due. *Id.* at 4–5. Finally, Defendant argues that Plaintiffs failed to address that they obtained a premature clerk's default, that there is no prejudice in granting the Motion, or that Defendant has meritorious defenses. *Id.* at 5.

**II.    ANALYSIS**

    **A.    Defendant's Filing Of The Answer And The Motion To Vacate
       The Clerk's Default Did Not Waive Its Right To Remove**

Title 28, United States Code, Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Once an action has been removed by a defendant, a plaintiff may file a motion to remand within 30 days based on any defects in removal. 28 U.S.C. § 1447(c). On a motion to remand, the Court applies "a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Williams v. Aquachile, Inc.*, 470 F. Supp. 3d 1277, 1279 (S.D. Fla. 2020) (quoting *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013)).

Although litigating on the merits waives the defendant's right to remove the matter to federal court, waiver does not occur if "the defendant's participation in the state action has not been substantial or was dictated by the rules of that court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting Charles A. Wright, et al., 14B *Federal Practice & Procedure* § 3721 (4th ed. 2003)). Specifically, a filing in state court for the purpose of maintaining the status quo does not constitute waiver. *Miami Herald Pub. Co., Div. of Knight-Ridder Newspapers, Inc. v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984) (defending at the preliminary injunction hearing or filing an answer and affirmative defenses did not waive removal); *see also Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004) (holding that removal was not waived when a motion to dismiss was filed, but no hearing was set, and the court did not rule on the motion); *Livolsi v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-80407, 2017 WL 7792572, at *3 (S.D. Fla. June 30, 2017) ("[T]he filing of a motion for extension of time, the taking of discovery, and the filing of an answer do not constitute active participation sufficient to amount to waiver of the right to remove.") (citing *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 128 (S.D. Fla. 1985)); *Bennett v. Bistro of Coconut Grove, LLC*, No. 10-22035-CIV-Moore/Simonton,

2010 WL 11601830, at *2 (S.D. Fla. Aug. 27, 2010) (noting that the law is clear that a defendant does not waive its right to removal by filing an answer in state court).

Here, the filing of the Answer and Affirmative Defenses was not a substantial action, and therefore, Defendant did not waive its right to remove the action to federal court. First, as noted above, the case law is clear that the filing of an answer simply preserves the status quo. Because the filing of an answer is a non-dispositive, preliminary action, it simply is not comparable to a substantive motion that addresses the merits of the case and thereby clearly demonstrates the intent to litigate. *See, e.g.*, *Advanced Constr. & Renovation, Inc. v. Mt. Hawley Ins. Co.*, No. 17-61080-CIV, 2018 U.S. Dist. LEXIS 21274, at *10 (S.D. Fla. Feb. 9, 2018) (concluding that the defendant did not waive its right to remove by filing its answer, affirmative defenses, and demand for a jury trial).

Second, the Motion to Vacate and/or Set Aside Clerk's Default also did not address the merits of the case, and therefore, did not constitute waiver. As conceded to during the oral argument on this Motion, there is no case law that supports Plaintiffs' argument that moving to set aside a default is a substantial action. To the contrary, the case law addressing the matter finds that setting aside a default is not sufficient to waive the right to remove. *See Tillis v. Cameron*, No. 1:07-CV-0078-WKW, 2007 WL 2806770, at *4 (M.D. Ala. Sept. 25, 2007) (noting that federal courts "have held motions to set aside default judgments and motions challenging service of process did not waive a defendant's right to remove"). Indeed, to find otherwise when, as here, it is *undisputed* that the entry of a clerk's default was premature would be a decision without precedent. Accordingly, because the Court finds that Defendant did not waive its right to remove the matter to this Court, it is hereby **RECOMMENDED** that Plaintiffs' Motion to Remand, ECF No. [9], be **DENIED**.

### B. The Entry Of The Clerk's Default Was Premature, But Notwithstanding, Defendant Has Demonstrated Good Cause To Vacate the Clerk's Default

As a preliminary matter and as set forth above, the Court has jurisdiction to address the Motion to Vacate because this matter was properly removed. Florida law provides that insurance companies must be served through the state's CFO. *See* Fla. Stat. § 624.422. When the CFO is served as an agent of an insurer, "the insurer is not required to answer or plead except within 20 days after the upon which the Chief Financial Officer sends or makes available by other verifiable means a copy of the process served upon her or him as required by subsection (1)." Fla. Stat. § 624.423(2).

Here, Plaintiffs served the CFO on December 28, 2020, and the CFO sent a copy to Defendant on January 5, 2021. ECF Nos. [1-6], [1-12]. Thus, Defendant had until January 25, 2020 to respond to Plaintiffs' Complaint. Accordingly, the Clerk's Default entered on January 19, 2020 was premature. *See Hester v. Gulfstream Prop. & Cas. Ins. Co.*, No. 5:19CV170-MCR-MJF, 2019 WL 8063349, at *2 (N.D. Fla. Nov. 8, 2019) (finding the entry of a clerk's default premature and improper because the default was entered twenty days after service on the CFO, but only 13 days after the documents were sent to the defendant); *see also Am. Liberty Ins. Co. v. Maddox*, 238 So. 2d 154, 155–156 (Fla. 2nd DCA 1970) (setting aside default under Section 624.423's predecessor because default was entered twenty-seven days after CFO was served, but only four days after the documents forwarded to the defendant). To that extent, the Clerk's Default was premature and should be set aside.

However, even if the Clerk's Default was not premature, the Court finds that Defendant has demonstrated sufficient good cause to warrant setting it aside. Specifically, "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Although there is no set

formula, courts generally follow certain guidelines. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Generally, the most important factors to consider are, "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* The party in default "bears the burden of establishing good cause." *United Am. Corp. v. Bitmain, Inc.*, No. 18-CV-25106, 2019 WL 10058715, at *2 (S.D. Fla. Nov. 22, 2019), *report and recommendation adopted*, 2020 WL 4923666 (S.D. Fla. Jan. 15, 2020) (citing *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F.App'x 736, 738 (11th Cir. 2018)). Even with that burden, the party only needs to make a "bare minimum showing." *Id.* (quoting *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, No. 19-CV-60079, 2019 WL 1921991, at *1 (S.D. Fla. Apr. 30, 2019)). "Defaults are disfavored, and 'there is a strong policy of determining cases on their merits.'" *Hester*, 2019 WL 8063349, at *2 (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)).

In this case, the Court finds that Defendant's response was not only timely, but also it also acted expeditiously once it learned of the default. Indeed, the record reflects the Answer and Affirmative Defenses and Emergency Motion to Vacate were filed within fourteen (14) days of the entry of the Clerk's Default. Additionally, there is no prejudice to Plaintiffs. In determining prejudice, courts do not look at whether vacating a default "deprive[s] a plaintiff from a quick resolution of the case," but instead "the effect of setting aside the default, if any, on [p]laintiff's ability to prosecute the case on the merits." *Tyco Fire & Sec. v. Alcocer*, No. 04-23127-CIV, 2009 WL 789657, at *3 (S.D. Fla. Mar. 23, 2009) (quoting *Sobkowski v. Wyeth, Inc.*, No. 5:04 CV 96-OC-10GRJ, 2004 WL 3569703, at *2 (M.D. Fla. June 4, 2004), *report and recommendation adopted*, 2004 WL 3569702 (M.D. Fla. July 12, 2004)); *see also Connecticut State Dental Ass'n*

8

*v. Anthem Health Plains, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (the relevant "inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case") (emphasis in original).  The Court finds that there is no prejudice to Plaintiffs given that, as previously stated, only fourteen (14) days elapsed following the entry of the Clerk's Default before Defendant filed its Answer and Affirmative Defenses and its Emergency Motion to Vacate. Therefore, the Court finds that the fourteen-day period does not meaningfully affect Plaintiffs' ability to prosecute the case.

Finally, a party does not need to prove its defenses, but simply show the possibility of merit.  *Bitmain*, 2019 WL 10058715, at *4.  Here, the Court finds that Defendant lists ample meritorious defenses in its Answer and Affirmative Defenses, meeting the criteria of the simple suggestion of a complete defense.  Further, Plaintiffs concede the issue by arguing in their Motion to Remand that Defendant demonstrated the intent to litigate in state court by showing what they themselves call "a number of meritorious defenses."  *See* ECF No. [9] at 9.

Accordingly, because the Court finds that the default was premature, and in any event, there is good cause to set it aside, the undersigned **RECOMMENDS** that Defendant's Motion to Vacate, ECF No. [7], be **GRANTED**.

### III. RECOMMENDATION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiffs' Motion to Remand, ECF No. [9], be **DENIED**, and Defendant's Motion to Vacate and/or Set Aside Clerk's Default, ECF No. [7], be **GRANTED**.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within

9

**FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 29th day of June, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge